ORIGINAL
IN THE SUPREME COURT OF THE STATE OF MONTANA
OP 21-0452

FILED

11/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0452

PAUL LEE HAGLER,

Petitioner,

v.

PETER BLUDWORTH, Warden, Crossroads
Correctional Center,

Respondent.

FILED

NOV 2 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Through counsel, Petitioner Paul Lee Hagler seeks a writ of habeas corpus for his immediate release from the Crossroads Correctional Center to relieve him from an illegal sentence. Additionally, Hagler requests this Court to issue a supplemental order directing the District Court to expunge the underlying Criminal Possession of Dangerous Drugs charge from his record. The Attorney General, in response to our September 23, 2021 Order, has filed a response. Without agreeing with each of Hagler's contentions, the Attorney General concedes that Hagler has served the lawful length of his sentence and is entitled to immediate release from confinement.

Hagler pleaded guilty in October 2015 to Criminal Possession of Dangerous Drugs, marijuana (60 grams or less), a second or subsequent offense, in violation of Section 45-9-102, MCA (2013). At the time, the maximum penalty was three years in the state prison and a $1,000 fine. On June 8, 2016, the Seventh Judicial District Court committed Hagler to the Department of Corrections (DOC) for five years, all suspended. The sentence was ordered to run consecutively to a 2010 sentence that Hagler claims expired on October 7, 2018. In February 2021, the State filed a petition to revoke, and the District Court entered judgment on April 29, 2021, committing him to the DOC for five years. In the meantime, Montana voters passed Initiative 190 in the 2020 general election, legalizing possession of limited quantities of marijuana. The initiative became law on January first. The 2021 Legislature passed House Bill 701, which amended and superseded I-190 and was signed into law by the Governor on May 18, 2021.

Hagler contends that both his 2016 sentence and the 2021 revocation are illegal. He claims that, had his initial sentence been limited to the statutory three-year maximum, he would have had a discharge date no later than October 8, 2021, and that the subsequent revocation resulted in a sentence exceeding lawful authority. Hagler goes on to argue that his possession would not even be unlawful under current law and urges this Court to order the conviction expunged. The State agrees that Hagler has served the lawful term of his sentence but argues that this Court should not consider Hagler's expungement request.

Having considered Hagler's petition and the State's concession, and good cause appearing,

IT IS HEREBY ORDERED that Hagler's petition for writ of habeas corpus is GRANTED. His lawful term of imprisonment having been fully served, Hagler is entitled to immediate release.

IT IS FURTHER ORDERED that Hagler's request for expungement of his record is DENIED without prejudice to seeking relief through petition to the appropriate court in accordance with the procedure provided under Title 16, Chapter 12, MCA.

The Clerk of the Supreme Court is directed to provide immediate notice of this Order to all counsel of record and to Warden Bludworth at the Crossroads Correctional Center.

DATED this 23rd day of November, 2021.

_____

_____

_____

_____

_____
Justices

2